UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 06-cr-40033-JPG-1 |
| ROBERT EUGENE LEMMONS, SR., | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Robert Eugene Lemmons, Sr.'s ("Lemmons") Motion to Appoint Counsel (Doc. 192) and Motion to Proceed *in Forma Pauperis* (Doc. 193). Specifically, Lemmons asks to be appointed counsel and to proceed without prepayment of court fees and costs in his anticipated effort to have the Court reconsider the "kingpin" adjustment to his sentence, U.S. Sentencing Guidelines Manual § 3B1.1(a) (2006).

Lemmons filed the instant motions in his criminal case (from which he did not take a direct appeal). However, "[s]ection 2255 [of Title 28 of the United States Code] is the proper vehicle for collaterally attacking the validity of a conviction and sentence[,]" *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992), including the computation and application of sentencing adjustments. *See, e.g.*, *United States v. Edwards*, No. 03 C 4029, 2004 WL 2600126, at *3 (N.D. Ill. Nov. 15, 2004) (rejecting contention that counsel was ineffective for failing to argue that § 3B1.1 was not supported by facts); *Gonzales v. United States*, 967 F. Supp. 326, 332-33 (N.D. Ill. 1997) (same).

Lemmons' failure to raise the instant requests in the proper context makes it impossible for the Court to gauge their merit. For example, a court can and should deny an indigent plaintiff leave to file *in forma pauperis* if the action is clearly frivolous or malicious. 28 U.S.C. § 1915 (a)(1) (2006). Because Lemmons has not filed a motion to vacate, set aside, or correct sentence pursuant to § 2255 with exposition as to why the Court should respond to the kingpin adjustment,[1] however, it is impossible for the Court to determine whether his anticipated collateral attack is clearly frivolous or malicious. And, in order to be appointed counsel, a *pro se* litigant must typically be proceeding *in forma pauperis*. See § 1915(e)(1); *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Moreover, it is impossible for the Court to currently evaluate many of the other relevant factors regarding appointment of counsel, which include the following:

(1)  plaintiff's diligence in attempting to secure counsel;

(2)  the apparent merit of plaintiff's claim;

(3)  plaintiff's ability to investigate crucial facts;

(4)  the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;

(5)  plaintiff's ability to manage the litigation and present his case; and

(6)  the complexity of the issues.[2]

---

[1] And, of course, the Government should be given an opportunity to respond to such a request.

[2] In essence, the Court must ask the following: "[G]iven the difficulty of the case, [does] the [petitioner] appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *accord Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005).

*Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071-73 (7th Cir. 1992); *McNeil v. Lowney*, 831 F.2d 1368, 1371-72 (7th Cir. 1987). *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

For the foregoing reasons, the Court **DENIES** the instant motions (Docs. 192, 193). Lemmons should commence the proper legal proceedings, *then* make requests to proceed *in forma pauperis* or have counsel appointed. The Court makes no determination as to whether Lemmons is presently indigent for purposes of proceeding *in forma pauperis*.

**IT IS SO ORDERED.**
**DATED: May 27, 2011**

    s/ J. Phil Gilbert
    **J. PHIL GILBERT**
    **DISTRICT JUDGE**